IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


BEN LEE RICHARDSON                                                    PLAINTIFF


    v.                                CIVIL NO. 15-2207


NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]        DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Ben Lee Richardson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed his applications for DIB and SSI on August 23, 2012. (ECF No. 16, p. 56). In his applications, Plaintiff alleges disability due to ulcerative colitis, cervical mild facial parousia, severe depression, anxiety, panic attacks, and asthma. (ECF No. 16, pp.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

14, 296). Plaintiff alleges an onset date of August 17, 2012. (ECF No. 16, pp. 56, 292). Those applications were denied initially and again upon reconsideration. (ECF No. 16, pp. 112-95).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (ECF No. 16, p. 215). Plaintiff's administrative hearing was held on January 2, 2014, in Fort Smith, Arkansas (ECF No. 16, p. 77-111). Plaintiff was present and was represented by Susan Brockett. Id. Plaintiff, Plaintiff's sister Jennasue Grandpre, and Vocational Expert ("VE") Sarah Moore testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(d), 416.963(c). (ECF No. 16, p. 80). As for his level of education, Plaintiff completed the tenth grade and later earned a GED. Id.

After this hearing, on June 2, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 16, pp. 53-70). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (ECF No. 16, p. 58, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 17, 2012, his alleged onset date. (ECF No. 16, p. 58, Finding 2). The ALJ determined Plaintiff had the following severe impairments: ulcerative colitis, obstructive sleep apnea, disorder of the cervical spine status post-surgery, obesity, major depression, and a personality disorder with Cluster C traits. (ECF No. 16, p. 58, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 16, pp. 59-60, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 16, pp. 60-68, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found

his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff

retained the RFC to perform:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except
> [Plaintiff] can perform work limited to simple, routine and repetitive tasks,
> involving only simple, work-related decisions with few, if any workplace
> changes and no more than incidental contact with co-workers, supervisors and
> the general public.

Id.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work

("PRW"). (ECF No. 16, p. 68, Finding 6). The VE testified at the administrative hearing

regarding this issue. (ECF No. 16, pp. 108-11). Based on Plaintiff's age, education, work

experience, and RFC, the ALJ determined there were jobs existing in significant numbers in

the national economy Plaintiff could perform, such as a machine tender and as an inspector.

(ECF No. 16, pp. 68-69, Finding 10). Because jobs exist in significant numbers in the national

economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a

disability, as defined by the Act, from August 17, 2012, through June 2, 2014, the date of the

ALJ's decision. (ECF No. 16, p. 69, Finding 11).

Thereafter, on June 16, 2014, Plaintiff requested a review by the Appeals Council

(ECF. No. 16, pp. 51-52). The Appeals Council denied this request on September 8, 2015.

(ECF No. 16, pp. 6-10). On October 5, 2015, Plaintiff filed the present appeal with this Court.

(ECF No. 1). The Parties consented to the jurisdiction of this Court on October 23, 2015. (ECF

No. 11). This case is now ready for decision.

## II.    Applicable Law:

This Court's role is to determine whether substantial evidence supports the

Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial

evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

4

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to fully develop the record; 2) the ALJ erred as to credibility; 3) the ALJ erred as to RFC; and 4) the ALJ erred as it relates to the treating physicians' Medical Source Statements.

#### A.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ noted Plaintiff had a mild restriction in his activities of daily living and remarked, "[a]lthough [Plaintiff] stated he spent most of his time either in the recliner or in bed, he reported he prepares simple meals, does his own laundry, shops in stores for groceries and goes outside with his dog . . . [and] goes to church sometimes." (ECF No. 16, p. 59). The ALJ further noted that Plaintiff had failed to follow treatment recommendations, such as when Dr. Dang referred Plaintiff to physical therapy on November 28, 2012, after being involved in a motor vehicle accident one month prior, but Plaintiff provided no evidence he attended physical therapy sessions. (ECF No. 16, pp. 62, 543-47). The ALJ also noted that Plaintiff did not use his CPAP machine regularly for his sleep apnea. (ECF No. 16, p. 63); See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (Failure to follow a recommended course of treatment is one factor the ALJ may consider in assessing a claimant's credibility).

The ALJ also discussed the opinions of Dr. Carlson, who noted Plaintiff put forth questionable effort during his physical exam, and of Dr. Spray, who questioned whether Plaintiff exaggerated his symptoms during his mental exam. (ECF No. 16, pp. 65-66, 68). Further, the ALJ noted that William Fretwell, a therapist at Western Arkansas Guidance and Counseling Center, found Plaintiff's subjective complaint's less than credible. (ECF No. 16, p. 64). Mr. Fretwell stated that Plaintiff, "appears to have read the DSM-IV for some symptom matching," and "[h]e seems to be well rehearsed on what to say to match DSM-IV [TR] criteria." (ECF No. 16, pp. 64, 650-51). The record also indicates that Plaintiff told Mr. Fretwell that he wanted a psychiatrist to prescribe his anxiety medication because he believed he would be more likely to receive a favorable decision on his Social Security applications if

his medications were prescribed by a psychiatrist rather than by his primary care physician. (ECF No. 16, p. 64, 650-51); <u>Davidson v. Astrue</u>, 578 F.3d 838, 844 (8th Cir. 2009) (ALJ may discount Plaintiff's allegations if there is evidence Plaintiff is a malinger or was exaggerating symptoms for financial gain).

The ALJ thoroughly discussed Plaintiff's medications. The ALJ noted that Dr. Adjel attributed Plaintiff's bradycardic episodes to Plaintiff's medications. (ECF No. 16, pp. 62, 743).  The ALJ discussed the recommendations of Dr. Espina who stated, "[Plaintiff] long term is to have a discussion with his sister present about the use of medications for pain management as well as dose," and " [Plaintiff] is at high risk of respiratory failure and death from long-acting pain management. Therefore, the medicine does need to be decreased." (ECF No. 16, pp. 62, 812). The ALJ also noted the opinion of Dr. Walz and remarked, "Dr. Walz found [Plaintiff's testimony to be credible, but pointed out his functioning might have been diminished by the amount of medication he had taken before his appointment. She found his speech somewhat slurred but his attention and concentration 'pretty good' and his persistence and pace at least average. . ." (ECF No. 16, p. 67). The ALJ gave some credit to Plaintiff's allegations of pain and the effectiveness of his medications by limiting his RFC to work at the light exertion level.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that the ALJ provided good reasons for discounting Plaintiff's subjective complaints and that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not entirely credible.

### B.      ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff essentially argues that the ALJ's RFC determination was not based on substantial evidence because he improperly discounted the opinions of Dr. Howell and Dr. Friedl. (ECF No. 13, pp. 17-19). As we have frequently noted, "treating physician opinions may receive limited weight if they are conclusory or inconsistent with the record." Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016). The ALJ may afford a treating source's opinion "controlling weight" if that opinion "'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in [the applicant's] record*.'" Wagner v. Astrue, 499 F.3d 842, 848–49 (alteration in original)

8

(quoting 20 C.F.R. § 404.1527(d)(2)). "[W]hile a treating physician's opinion is generally entitled to 'substantial weight,' such an opinion does not 'automatically control' because the hearing examiner must evaluate the record as a whole." Id. at 849 (quoting Wilson v. Apfel, 172 F.3d 539, 542 (8th Cir. 1999)). When a treating physician's opinion is in conflict with other substantial medical evidence, then the ALJ may afford less weight to that physician's opinion. Id. (citing Prosch v. Apfel, 201 F.3d 1010, 1013–14 (8th Cir. 2000)). The ALJ did not commit error by assigning Dr. Howell's or Dr. Friedl's opinions less than controlling, or even little, weight. The ALJ stated, "they are inconsistent with their own clinic records that list no specific complaints of headaches or associated symptoms," and "[e]ach month, the notes appear primarily the same with small changes made only to the treatment plan." (ECF No. 16, p. 63).

The ALJ also noted that the opinions were inconsistent with other providers' treatment notes and inconsistent with the opinion of the other consultative examiner and state-agency consultants. (ECF No. 16, p. 63-64). Treatment records from the Wellness Clinic of Roland were largely the same month to month, with objective findings typically being only tenderness to palpation of Plaintiff's cervical and lumbar spine areas, and recitation of diagnostic testing conducted by other healthcare providers sometimes up to eight to ten years prior. See e.g., (ECF No. 16, pp. 575-76, 612-13). The ALJ's cited inconsistency between the doctors' opinions and their own treatment records is alone sufficient to discount their opinions. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) ("While the ALJ also found Dr. Prihoda's opinion to be internally inconsistent, we need not comment on that, as an appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion").

The Court notes that in determining Plaintiff's RFC, the ALJ considered the medical opinions of many treating physicians, surgeons, and specialists, as well as those of the non-

9

examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (8th Cir. 2000) (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D.      Failure to Properly Develop the Record:

Plaintiff argues the ALJ failed to develop the record, specifically that the ALJ should have sought further clarification regarding the severity of Plaintiff's impairments from Plaintiff's treating physician, Dr. Howell. (ECF No. 13).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record. Whitman v. Colvin, 762 F.3d 701, 707 (8th Cir. 2014) (quoting Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." Johnson v. Astrue, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Plaintiff's argument that the ALJ failed to fully and fairly develop the record is without merit. As discussed more thoroughly above, substantial evidence supports the ALJ's

10

conclusion that Plaintiff's subjective complaints were not entirely credible, and that the ALJ did not err in assigning Dr. Howell's Medical Source Statement little weight. Plaintiff has not put forth any evidence to demonstrate that asking Dr. Howell to provide a second Medical Source Statement would elicit any new clarification of what was contained in his original Medical Source Statement. Dr. Howell was already clear in his first Medical Source Statement that his opinion was Plaintiff was incapable of performing any tasks at even a sedentary exertion level. As discussed more thoroughly above, The ALJ did not commit error by assigning Dr. Howell's opinion less than controlling, or even little, weight. Moreover, Plaintiff does not allege any lack of development of the record in this regard was unfair or prejudicial, except that the ALJ's final decision was unfavorable.

The ALJ had before him the evaluations and treatment records of numerous healthcare providers which, as more specifically set forth above, provided sufficient evidence for the ALJ to make an informed decision regarding Plaintiff's alleged physical and mental impairments. The Court also notes that other evidence in the record, including Plaintiff's own statements, constituted evidence regarding Plaintiff's physical and mental limitations, and that the existing medical sources contained sufficient evidence for the ALJ to make a determination regarding Plaintiff's alleged impairments. The Court therefore finds the ALJ satisfied his duty to fully and fairly develop the record.

### D.      Hypothetical Questions to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments that the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the

vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the duties of a machine tender or an inspector. <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 2nd day of March, 2017.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE